UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSUE HERNANDEZ and SERGIO
HERNANDEZ, individually and on
behalf of all others similarly situated,

Plaintiffs,

v.

LIFTED LIQUIDS, INC., an Illinois
corporation,

Defendant.

Case No. 24-cv-11920

**DEFENDANT'S MOTION TO DISMISS**

Defendant Lifted Liquids Inc., pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Court to dismiss Counts I-IV of the Complaint brought by Plaintiffs Josue and Sergio Hernandez on the following grounds:

1. Plaintiffs' four-count Complaint contains counts for breach of warranty (Count I), breach of implied warranty (Count II), common law fraud (Count III), and unjust enrichment (Count IV). Because all four counts are based on the same alleged representations and omissions, the Complaint sounds in fraud and, therefore, is subject to the heightened pleading requirements of Rule 9(b).

2. In Counts I, II, and IV of the Complaint, Plaintiffs allege that Defendant misrepresented that certain of its products contain less than 0.3% delta-9 tetrahydrocannabinol. Plaintiffs' sole basis for this allegation is a purported "laboratory analysis" of unspecified products sold by Defendant, as opposed to the actual products that Plaintiffs allegedly purchased. Indeed, the Complaint is entirely silent regarding the specific products that Plaintiffs allegedly purchased; the names of the stores where the products were purchased; the specific dates of purchase; the purchase

price paid for the products, the name of the purported laboratory that tested products manufactured by Defendant; whether the specific products allegedly purchased by Plaintiffs were tested; and, if so, how such testing results differ from the testing results accompanying Defendant's products. Threadbare allegations based entirely on speculation and conjecture do not meet the liberal pleading standards of Rule 8(b), let alone Rule 9(b)'s heightened pleading requirements for claims sounding in fraud. Absent such well-pleaded, particularized facts, the Complaint fails to state a claim for which relief can be granted.

3. Count III for unjust enrichment, which is pled in the alternative (to the extent Plaintiffs fail to allege warranty claims based in contract), is based on the very same alleged improper conduct alleged in Counts I, II, and IV. Thus, Plaintiffs' unjust enrichment claim, which is inextricably "tied" to their related claims in Counts I, II, and IV, falls with such claims and is therefore subject to dismissal.

WHEREFORE, for the reasons set forth above and in Defendant's supporting memorandum of law filed contemporaneously herewith, Counts I-IV fail to state a claim and, therefore, dismissal with prejudice of the entire Complaint is warranted.

Dated: January 22, 2025                         LIFTED LIQUIDS, INC.

                                                By: /s Joseph Collins
                                                    *One of its Attorneys*

Joseph Collins (jcollins@foxrothschild.com)
Marc C. Smith (mcsmith@foxrothschild.com)
Fox Rothschild LLP
321 N Clark St, Suite 1600
Chicago, IL 60654
Telephone: (312) 517-9200

*Counsel for Defendant*