UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSUE HERNANDEZ and SERGIO HERNANDEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LIFTED LIQUIDS, INC., an Illinois corporation, <br><br> Defendant. | Case No. 1:24-cv-11920 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

Defendant Lifted Liquids Inc., pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby presents the following memorandum of law in support of its motion to dismiss Counts I-IV of the Complaint brought by Plaintiffs Josue and Sergio Hernandez.

**INTRODUCTION**

In their Complaint, Plaintiffs allege that Defendant fraudulently misrepresented that certain of its products contain less than 0.3% delta-9 tetrahydrocannabinol ("D9 THC"). Plaintiffs' sole basis for this allegation is a purported "laboratory analysis" of unspecified products sold by Defendant, as opposed to the actual products that Plaintiffs allegedly purchased. (*See* Filing No. 1, at CM/ECF p. 10, ¶ 34.) Indeed, the Complaint is entirely silent regarding the specific products that Plaintiffs allegedly purchased; the names of the stores where the products were purchased; the specific dates of purchase; the purchase price paid for the products, the name of the purported laboratory that tested products manufactured by Defendant; whether the specific products allegedly purchased by Plaintiffs were tested; and, if so, how such testing results differ from the testing results accompanying Defendant's

products. Instead of specific factual detail, the Complaint merely alleges that Plaintiffs bought nonspecific "Urb brand delta-8 disposable devices" manufactured by Defendant at some time in 2022-2024 at unnamed "smoke shops." (*Id*. at CM/ECF p. 5, ¶¶ 12, 13.) Most importantly, the Complaint does not state the *actual* percentage of D9 THC in the particular products Plaintiffs allege to have purchased, or whether Plaintiffs submitted the products that they allegedly purchased for "laboratory analysis." Given this absence of essential information, the reader is left to speculate whether the products Plaintiffs purchased contained more than 0.3% D9 THC.

While it may be conceivable that the products allegedly purchased by Plaintiffs have the same testing results as the products that were purportedly submitted by their counsel to the unnamed "independent laboratory" for "laboratory analysis," Plaintiffs are required to nudge their claims across the line from conceivable to plausible. Threadbare allegations based entirely on speculation and conjecture do not meet the liberal pleading standards of Rule 8(b), let alone Rule 9(b)'s heightened pleading requirements for claims sounding in fraud. Absent such well-pleaded, particularized facts, the Complaint fails to state a claim for which relief can be granted.

## FACTUAL BACKGROUND

D9 THC, the primary active compound of marijuana, is a federally controlled drug under the Controlled Substances Act ("CSA"). (Filing No. 1, at CM/ECF p. 2, ¶ 2.) The Agriculture Improvement Act of 2018[1] removed hemp, defined as cannabis and derivatives of cannabis with no more than 0.3 percent D9 THC on a dry weight basis,[2] from the definition of marijuana in the CSA. (*Id*.)

---

[1] PL 115-334, 132 Stat 4490, 4908.
[2] 7 U.S. Code § 1639o.

Plaintiff Josue Hernandez alleges that he purchased "Urb brand delta-8 disposable devices and cartridges in 2023 and 2024" from "smoke shops" in Miami Beach, Florida. (*Id.* at CM/ECF p. 5, ¶ 11.) Plaintiff Sergio Hernandez alleges that he purchased "an Urb brand delta-8 disposable device in 2022 from a smoke shop in Tyler, Texas." (*Id.*, ¶ 12.) Plaintiffs further allege that prior to purchasing the products they each "reviewed and relied on" a statement on the packaging that the products contained "<0.3% D9 THC." (*Id.*, ¶ 13.) Next to the statement is a QR Code with a "Lab Result" for the product:



(*See* Filing No. 1-1, at CM/ECF p. 3.) The lab results from the products set forth in Exhibit A to the Complaint are attached at <u>Exhibit 1</u> to this memorandum.

Plaintiffs further allege in the Complaint that Defendant's products "in fact contain significantly more than 0.3% delta-9 THC" and, therefore, are not hemp products excluded under the CSA. (Filing No. 1, at CM/ECF p. 3, ¶ 6.) The Complaint bases this allegation on "independent laboratory testing" of Defendant's products by "an independent laboratory retained by Plaintiff's

3

counsel." (*Id*. at CM/ECF p. 10, ¶ 34.) The Complaint does not state what specific products Plaintiffs purchased, the specific dates of purchase, the specific store where Plaintiffs purchased the products, the specific testing results for the batch of products purchased by Plaintiff, if any, the name of the laboratory hired by Plaintiff's counsel, what products were tested by the laboratory, when such products were tested, what laboratory methods were used, whether such products were tested on a dry weight basis, and how such results differed from the laboratory testing conducted by Defendant. (*See id*.)

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, a pleading must contain sufficient factual matter "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, a claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Put differently, "[t]he fact that the allegations undergirding a claim *could* be true is no longer enough to save a complaint from being dismissed; the complaint must establish a nonnegligible probability that the claim is valid . . .." *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 629 (7th Cir. 2010) (emphasis added). If a plaintiff has not "nudged" his or her claims "across the line from conceivable to plausible," the complaint must be dismissed. *Twombly*, 550 U.S. at 547.

Claims sounding in fraud are subject to the heightened pleading requirements of Rule 9(b). *United States ex rel. Gross v. AIDS Research Alliance—Chicago*, 415 F.3d 601, 604 (7th Cir. 2005). Under Rule 9(b), a plaintiff "alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The plaintiff must describe the

4

"who, what, when, where, and how" of the fraud—"the first paragraph of any newspaper story." *United States ex rel. Lusby v. Rolls–Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009) (internal quotation marks omitted). A plaintiff must "use some . . . means of injecting precision and some measure of substantiation into their allegations of fraud." *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016) (quotations omitted). The heightened pleading requirement in fraud cases "forces the plaintiff to conduct a careful pretrial investigation" to minimize the risk of damage associated with a baseless claim. *Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 748–49 (7th Cir. 2005).

## ARGUMENT

Plaintiffs' four-count Complaint purports to allege breach of warranty (Count I), breach of implied warranty (Count II), common law fraud (Count III), and unjust enrichment (Count IV). Because all four counts are based on the same alleged representations and omissions, the Complaint sounds in fraud and is therefore subject to the heightened pleading requirements of Rule 9(b). As set forth below, Plaintiffs' breach of warranty and fraud claims fail to satisfy the less stringent requirements of Rule 8(a), let alone Rule 9(b). And because Plaintiffs do not and cannot claim that they have no adequate remedy in law, they cannot maintain a cause of action for unjust enrichment.

### I. COUNTS I, II, AND IV ARE INSUFFICIENTLY PLED

Plaintiffs' claims in Counts I, II, and IV are long on speculation and short on substance. The Complaint is entirely silent regarding, *inter alia*, (i) the specific products Plaintiffs purchased; (ii) the names of the stores where the products were purchased; (iii) the specific dates of purchase; (iv) the purchase price paid for the products; (v) the name of the purported "independent laboratory" that tested the products; (vi) Defendant's testing results for the specific products purchased by Plaintiffs; and (v)

5

whether Plaintiffs tested the actual products they allegedly purchased. Instead of specific factual detail, the Complaint merely alleges that Plaintiffs bought "Urb brand delta-8 disposable devices" manufactured by Defendant at some time in 2022-2024 at unnamed "smoke shops." (Filing No. 1, at CM/ECF p. 5, ¶¶ 12, 13.) Most importantly, the Complaint does not state the *actual* percentage of D9 THC in the products they purchased, or whether they submitted their purchased products for "laboratory analysis." Also absent is the methodology for the testing, and whether the products were tested on a "dry weight" basis. As such, the reader is left to speculate whether Plaintiffs' products contained more than 0.3% D9 THC and, if so, whether they were the same products that were purportedly submitted to the unnamed "independent laboratory" for "laboratory analysis." While it may be conceivable that the unspecified products purchased by Plaintiffs have the same testing results as the unspecified products that were purportedly submitted by their counsel to the unnamed "independent laboratory" for "laboratory analysis," Plaintiffs are required to nudge their claims across the line from conceivable to plausible. Threadbare allegations based entirely on speculation and conjecture do not meet the liberal pleading standards of Rule 8(b), let alone Rule 9(b)'s heightened pleading requirements for claims sounding in fraud. Absent such well-pleaded, particularized facts, the Complaint fails to state a claim for which relief can be granted.

A plaintiff must "use some . . . means of injecting precision and some measure of substantiation into their allegations of fraud." *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016) (quotations omitted). The heightened pleading requirement in fraud cases "forces the plaintiff to conduct a careful pretrial investigation" to minimize the risk of damage associated with a baseless claim. *Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 748–49 (7th Cir. 2005). No such care was taken in Plaintiffs' pleading.

6

Indeed, Plaintiffs' entire claim is based on nothing more than rank speculation that the products they allegedly purchased contained greater than 0.3% D9 THC. Plaintiffs' speculation is based solely on a purported laboratory analysis of unknown products by an unknown laboratory on an unknown date using unknown methods. Based on this phantom testing, Plaintiffs speculate that the nonspecific products they allege to have purchased had a similar percentage of D9 THC. While it is conceivable that the products purchased by Plaintiffs, if tested, may produce the same result as the test performed by the laboratory hired by Plaintiffs' counsel, and differ from Defendant's testing results available on the packaging of the products Plaintiffs purchased, conceivability is not enough. Plaintiffs are required to present facts to "nudge [their] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547. Because no such facts are present in the Complaint, Plaintiffs' claims entirely fail under the more lenient Rule 8(a)(2) standard and are therefore subject to dismissal.

## II. COUNT III FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT

"Unjust enrichment is an equitable remedy based upon a contract implied in law, available only when no express contract governs the parties' relationship and there is no adequate remedy at law." *Keystone Montessori School v. Village of River Forest*, 2021 IL App (1st) 191992, ¶ 98, 187 N.E.3d 1167, 1194. "For there to be an adequate remedy at law, "the remedy must be clear, complete, and as practical and efficient to the ends of justice and its prompt administration as an equitable remedy." *In re Marriage of Stamberg*, 218 Ill. App. 3d 333, 338, 578 N.E.2d 261, 263 (1st Dist. 1991). If an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim and "will stand or fall with the related claim." *Bonilla v. Ancestry.com Operations Inc.*, 628 F. Supp. 3d 812, 820 (N.D. Ill. 2022), quoting *Cleary v. Philip Morris, Inc.*, 656 F.3d 511, 517 (7th Cir. 2011).

7

Count III, which is pled in the alternative to the extent Plaintiffs fail to allege warranty claims based in contract, is based on the very same alleged improper conduct alleged in Counts I, II, and IV. Thus, Plaintiffs' unjust enrichment claim, which is inextricably "tied" to their related claims in Counts I, II, and IV, falls with such claims and is therefore subject to dismissal.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Counts I-IV fail to state a claim and, therefore, dismissal with prejudice of the entire Complaint is warranted.

Dated: January 22, 2025                                            LIFTED LIQUIDS, INC.

By: /s Joseph Collins
*One of its Attorneys*

Joseph Collins (jcollins@foxrothschild.com)
Marc C. Smith (mcsmith@foxrothschild.com)
Fox Rothschild LLP
321 N Clark St, Suite 1600
Chicago, IL 60654
Telephone: (312) 517-9200

*Counsel for Defendant*